# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

ARMANDO RIVERA,
   Appellant,

  v.

DEPARTMENT OF VETERANS
 AFFAIRS,
   Agency.

DOCKET NUMBER
NY-1221-15-0107-W-1

DATE: September 9, 2015

# THIS ORDER IS NONPRECEDENTIAL[1]

<u>Armando Rivera</u>, Flushing, New York, pro se.

<u>Michael J. Berger</u>, Esquire, Brooklyn, New York, for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

## REMAND ORDER

¶1  The appellant has filed a petition for review of the initial decision, which dismissed his individual right of action (IRA) appeal for lack of jurisdiction. For the reasons discussed below, we GRANT the appellant's petition for review,

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

VACATE the initial decision, and REMAND the case to the field office for further adjudication in accordance with this Order.

## BACKGROUND

¶2      The appellant was employed as a supervisory police officer.  Initial Appeal File (IAF), Tab 6, Subtab 4c.  He filed a complaint with the Office of Special Counsel (OSC) in April 2014, regarding his November 2013 nonselection for a supervisory police officer (Lieutenant) position (nonselection complaint).  IAF, Tab 8 at 12-14; *see* IAF, Tab 1 at 12.  In August 2014, the Acting Chief of Police issued a proposal to suspend the appellant for 14 days for damage to government property through negligence.  IAF, Tab 6, Subtab 4g.  Later that month, the appellant filed another complaint with OSC concerning the proposed suspension (suspension complaint).  IAF, Tab 1 at 9-18.  In the suspension complaint, the appellant alleged that the lack of evidence in support of his proposed suspension suggested retaliation for his recent nonselection complaint.  *See id*. at 12-14.  In September 2014, the Acting Chief of Police issued a decision letter mitigating the proposed 14-day suspension to a 7-day suspension.  IAF, Tab 6, Subtab 4e.  In December 2014, OSC issued a letter closing out the appellant's suspension complaint, which characterized his allegation as one of reprisal for "a 7-day suspension in retaliation for an OSC complaint [he] had filed" and informed him that he may have the right to seek corrective action from the Board.  IAF, Tab 8 at 11.

¶3      The appellant filed the instant IRA appeal and requested a hearing.  IAF, Tab 1.  The agency moved to dismiss the appeal for lack of jurisdiction because, inter alia, the appellant failed to establish that the agency took an action against him based on a protected activity or disclosure.  IAF, Tab 9.  Without holding the requested hearing, the administrative judge issued an initial decision dismissing the appeal for lack of jurisdiction.  IAF, Tab 14, Initial Decision (ID).  Specifically, she found that the appellant engaged in protected activity by filing

the suspension complaint, but that he failed to exhaust his administrative remedy with OSC, because, although the December 2014 OSC letter mentioned the imposed 7-day suspension, the appellant failed to provide evidence showing that he amended the complaint to include both the proposal and subsequent effectuation of his suspension. ID at 7. The administrative judge also found that, even if the appellant demonstrated exhaustion, he had not nonfrivolously alleged that his suspension complaint was a contributing factor in the agency's decision to impose the suspension because he failed to nonfrivolously allege that agency officials were aware of that complaint.[2] ID at 8. The appellant has timely filed a petition for review of the initial decision, Petition for Review (PFR) File, Tab 1, and the agency has filed a response, PFR File, Tab 3.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶4      The Board has jurisdiction over an IRA appeal if the appellant exhausts his administrative remedies before OSC and makes nonfrivolous allegations that: (1) he made a protected disclosure described under 5 U.S.C. § 2302(b)(8) or engaged in protected activity described under 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D); and (2) the disclosure or protected activity was a contributing factor in the agency's decision to take or fail to take a personnel action as defined by 5 U.S.C. § 2302(a). 5 U.S.C. §§ 1214(a)(3), 1221(e)(1); *Yunus v. Department of Veterans Affairs*, 242 F.3d 1367, 1371 (Fed. Cir. 2001).

The appellant exhausted his administrative remedies before OSC regarding the proposal and subsequent effectuation of the suspension.

¶5      The appellant bears the burden of showing that he exhausted his remedies before OSC. *Coufal v. Department of Justice*, 98 M.S.P.R. 31, ¶ 14 (2004). An appellant may demonstrate exhaustion of his OSC remedies through his initial OSC complaint and evidence that he amended or supplemented his initial OSC

---

[2] Although the appellant alleged that the agency retaliated against him for his protected activity of filing the nonselection complaint, IAF, Tab 1 at 12-15, the administrative judge did not address that particular claim.

complaint, including, but not limited to, OSC's determination letter, other letters from OSC referencing the appellant's amended allegations, and the appellant's written responses to OSC referencing OSC's discussion of the amended allegations. *Baldwin v. Department of Veterans Affairs*, 113 M.S.P.R. 469, ¶ 8 (2010). The administrative judge found that the appellant had not exhausted his administrative remedy because he filed the suspension complaint prior to the effectuation of the 7-day suspension and he did not submit evidence that he amended the complaint to include the suspension itself. ID at 7. The appellant's initial suspension complaint only mentioned the proposed 14-day suspension. IAF, Tab 1 at 9-18. However, OSC's December 2014 letter stated that the appellant alleged that management imposed a 7-day suspension, thus implying that the appellant amended his suspension complaint to include the effectuation of the suspension. *See* IAF, Tab 8 at 11. We therefore find that the appellant has established that he exhausted his administrative remedy regarding both the proposed 14-day suspension and the effectuation of the 7-day suspension. *See Rice v. Department of Agriculture*, 97 M.S.P.R. 501, ¶ 5 (2004) (finding that the appellant exhausted his administrative remedies regarding personnel actions taken after his initial OSC complaint because he submitted evidence concerning the personnel actions to OSC before it terminated its investigation).

The appellant nofrivolously alleged that he engaged in protected activity under 5 U.S.C. § 2302(b)(9)(C) when he filed the April 2014 nonselection complaint.

¶6        Under 5 U.S.C. § 2302(b)(9)(C), an employee engages in protected activity when he cooperates with or discloses information to OSC in accordance with applicable provisions of law. *See Colbert v. Department of Veterans Affairs*, 121 M.S.P.R. 677, ¶¶ 6-7 (2014). In his suspension complaint, the appellant asserted that he had previously filed an OSC complaint regarding a vacancy announcement for which he applied and for which R.B., an agency supervisor, was selected. IAF, Tab 1 at 15. On appeal, the appellant submitted a

May 2014 letter from OSC that stated that he had filed a complaint regarding allegations of obstruction of his right to compete and the provision of an unlawful advantage or preference to a selectee.  IAF, Tab 8 at 12-14.  Accordingly, based on this evidence, we find that the appellant nonfrivolously alleged that he engaged in protected activity by filing the April 2014 nonselection complaint.

<u>The appellant nonfrivolously alleged that his April 2014 OSC complaint was a contributing factor in the proposal and effectuation of his suspension.</u>

¶7        To satisfy the contributing factor criterion at the jurisdictional stage, an appellant need only raise a nonfrivolous allegation that his protected activity was one factor that tended to affect the personnel action in any way.  *See Mudd v. Department of Veterans Affairs*, 120 M.S.P.R. 365, ¶ 10 (2013).  One way to establish this criterion is the knowledge-timing test, under which an employee may nonfrivolously allege that the protected activity was a contributing factor in a personnel action through circumstantial evidence, such as evidence that the official taking the personnel action knew of the protected activity, and that the personnel action occurred within a period of time such that a reasonable person could conclude that the protected activity was a contributing factor in the personnel action.  *Id.*  An appellant also may show that the protected activity was a contributing factor by proving that the official taking the action had constructive knowledge of the protected activity, even if the official lacked actual knowledge.  *See Nasuti v. Department of State*, 120 M.S.P.R. 588, ¶ 7 (2014).  One way of establishing constructive knowledge is by demonstrating that an individual with actual knowledge of the protected activity influenced the official accused of taking the retaliatory action.  *Id.*

¶8        Here, the appellant alleged that R.B. indicated in a May 2014 conversation that he knew about the appellant's nonselection complaint.  IAF, Tab 1 at 15.  In August 2014, the agency proposed to suspend the appellant, and, in September 2014, the agency issued the appellant a suspension that was effective

in October 2014.[3] IAF, Tab 6, Subtabs 4e, 4g. The appellant alleged that R.B. was the one who recommended his suspension to the Associate Director and who delivered the memorandum proposing his suspension from the Acting Chief of Police to him. IAF, Tab 1 at 13-14. Thus, we find that, even though the appellant did not allege that the Acting Chief of Police, who proposed and issued his suspension, had actual knowledge of his nonselection complaint, he nonfrivolously alleged that the Acting Chief had constructive knowledge of his protected activity through the influence of R.B. *See Colbert*, 121 M.S.P.R. 677, ¶ 10 (finding that the appellant made a nonfrivolous allegation that "management" knew about his OSC complaint, where he alleged that he informed employees about his intention to file an OSC complaint, including an employee whose input was used in his performance evaluation).

¶9        Regarding the timing component, the Board has held that allegations that personnel actions began within 1 year of a disclosure or protected activity satisfy the "timing" component of the knowledge-timing test. *See Mudd*, 120 M.S.P.R. 365, ¶ 10. The timing component is satisfied here because the appellant filed his OSC complaint in April 2014, and the proposal and effectuation of his suspension occurred within 6 months thereafter. *See* IAF, Tab 6, Subtabs 4e, 4g, Tab 8 at 12-14. Accordingly, we conclude that the appellant has nonfrivolously alleged that his protected activity of filing the nonselection complaint was a contributing factor in the proposal and effectuation of his suspension.[4] *See Carney v. Department of Veterans Affairs*, 121 M.S.P.R. 446, ¶ 12 (2014) (finding that the

---

[3] A proposal and a decision to impose a suspension, including a suspension for 14 days or less, are personnel actions under 5 U.S.C. § 2302(a)(2)(A)(iii). *Powers v. Department of the Navy*, 69 M.S.P.R. 150, 153 (1995).

[4] The administrative judge found that the appellant did not nonfrivolously allege that his protected activity in filing the August 2014 suspension complaint was a contributing factor in the imposed suspension. ID at 8. However, the appellant never alleged that the agency retaliated against him for the suspension complaint. Rather, his claim has always been that the agency retaliated against him for filing the nonselection complaint. *See, e.g.*, IAF, Tab 8 at 4.

appellant nonfrivolously alleged that his protected activity was a contributing factor in his suspension).

## ORDER

Having found that the appellant has met his jurisdictional burden, we REMAND this case to the field office for a hearing and further adjudication in accordance with this Remand Order. *See Linder v. Department of Justice*, 122 M.S.P.R. 14, ¶ 17 (2014).

FOR THE BOARD:           _____

                                                     William D. Spencer
                                                     Clerk of the Board

Washington, D.C.